IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK E. BROWN,

    Plaintiff,

vs.                                 Case No. 10-1096-JTM

UNIFIED SCHOOL DISTRICT NO. 501,
Shawnee County, State of Kansas.

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Unified School District's motion to try the present action in Topeka. The plaintiff Mark Brown initially designated Wichita as the place for trial of the action. The District argues that trial should occur in Topeka because both parties reside there, and Topeka is far more accessible to the parties and their witnesses.

Pursuant to D. Kan. Rule 40.2, the court is not bound by the parties' choice for the place of trial, but enjoys the discretion to conduct trials in the most appropriate venue. In deciding the most appropriate place in the District for a trial, the court considers the same factors relevant for inter-District transfers under 28 U.S.C. § 1404(a). *Southern Star Central Gas Pipeline v. Greul*, No. 08-2115-KHV, 2008 WL 5264130 (D. Kan. Dec. 17, 2008).

In his response to the motion, Brown stresses the importance of his initial selection of Wichita as the place for trial. However, while generally an important consideration, a plaintiff's

choice of forum is of only minimal significance where the plaintiff does not reside in the selected forum. *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, *2 (D. Kan. June 8, 2006).

In contrast, the nature of the case weighs heavily in favor of trial in Topeka. Of the witnesses listed in the initial disclosures, 28 of the 39 named witnesses live or work in Topeka. Others live in the area of Lawrence, Kansas. Other witnesses live outside Kansas entirely. None of the witnesses are located in Wichita.

The convenience of witnesses is an important element in the court's determination of the best place for trial. *Cook v. Atchison, Topeka & Santa Fe Ry.*, 816 F.Supp. 667, 669 (D. Kan. 1993). The plaintiff's reliance on *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992), which held that a case should not be transferred where the effect is merely to "shift[] the inconvenience from one side to the other" is misplaced, since a Wichita trial would not shift the inconvenience, but impose it on all sides. Here, essentially all of the witnesses and evidence are located in Topeka rather than Wichita.

Brown argues that he could not receive a fair trial in Topeka because of his two prior employment suits, and because some witnesses or defendants are current or former Topeka school board members and may have ties to the state judiciary. But these prior legal actions occurred, respectively six and nineteen years ago, the earlier being dismissed on summary judgment. Unsubstantiated claims of an inability to obtain a fair trial in one of the District's three Divisions are not a sufficient basis for requiring trial in one of the other Divisions. *See Hall v. Martin*, No. 99-1092-JTM, 1999 WL 592676 (D. Kan. July 16, 1999).

The issue is not whether the circumstances of the case have received prior publicity, but whether that publicity would prevent local jurors from rendering an impartial verdict. *See Prier v.*

*Ford Motor Co.*, No. 05-1294-WEB, 2006 WL 1933796 (D. Kan. July 12, 2006) (rejecting the claim that trial would be unfair in Wichita given prior publicity, given the "passage of time" since the publicity). Brown has submitted no evidence by affidavit or otherwise showing that the publicity from these prior actions would compromise the existence of a fair trial in Topeka. Additional procedural safeguards such as voir dire will also prevent the existence of any unfairness. *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, *2, n.3 (D. Kan. June 26, 2007).

Plaintiff also argues for a trial in Wichita because his counsel's offices in Salina are closer to Wichita than to Topeka, and because modern technology and travel will make trial in Wichita less difficult. The first point is marginally true (80 miles versus 105 miles), but is entitled to little weight in the court's analysis. *See Skar v. Spirit Aerosystems,* No. 08-2493-KHV, 2008 WL 5232787, *2, n.3 (D. Kan. Dec. 15, 2008). The second point, also only partly true, merely mitigates the burden of a trial in a forum which has no connection to the parties or the witnesses. The balance of relevant factors clearly supports trial in Topeka.

IT IS ACCORDINGLY ORDERED this 26th day of October, 2010, that the defendant's Motion to Designate Place of Trial (Dkt.18) is hereby granted.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE